Van Brunt, P. J.
Although several points have been presented for consideration upon this appeal it seems only necessary to refer to one. Prior to September, 1, 1884, the defendants, Henry S. Burger, Cyrus A. Healy, Richard W. Hurlbut and John A. Livingston were engaged in business in the city of New York under the firm name of Burger, Hurlbut & Livingston. Upon the first of September, 1884, Livingston died, and on the 11th of the same month an assignment for the benefit of creditors was executed by Burger, Hurlbut and Healy as surviving partners of the firm to Frank H. Platt.
The fourth clause of this assignment provided for the payment of all and singular, the debts set forth and enumerated in the schedule thereto annexed, marked Schedule A, and designated in said schedule as class No. 1. In said schedule Mrs. E. B. Burger was named as a creditor to the *102 extent of $1,500. This preference is claimed to have been the preference of an individual debt of Henry S. Burger, and that such preference has rendered the assignment void.
It is not necessary here to cite authorities to sustain the proposition that the appropriation of firm property to the payment of the individual debts of the partners, or either of them, is a fraud upon the creditors of the firm, and will avoid any assignment containing such preference. In fact such is conceded to be the law upon the part of the appeliant.
But, in the case at bar, it is urged that this rule does not apply because, as far as Healy and Hurlbut were concerned, they had no knowledge of the fact of this fraudulent preference. Neither is it necessary to determine the question whether the ignorance of Healy and Burger, two of the parties to this assignment, in reference to the fraudulent nature of this preference, would relieve the assignment made by them of its fraudulent character, it being conceded that the other member of the firm who executed the assignment was aware of all the facts connected with the preference.
It may be very well claimed that if the assignment is executed by any one of the assignors, with a fraudulent purpose, and with intent to hinder and delay the creditors of the firm, it is absolutely void whether such intent and purpose is participated in by his copartners or not.
But, in the case at bar, we have not been able to find any evidence going to show that the defendants Hurlbut and Healy did not know of the fact that this preference was mentioned in the schedule at the time of the execution of the assignment. It is true, that the evidence shows that they were ignorant of the entries in the books made by Burger in reference to these transactions, and that they gave no authority whatever to him to make such entries. But we have not been able to find any denial upon the part of Healy and Hurlbut that they were aware of the fact that this assignment contained this preference to Mrs. Burger at the time they executed the same. We must, therefore, assume that they did know the fact of this preference to Mrs. Burger, and that they participated therein with such knowledge.
Under such circumstances, there seems to be no escape from the conclusion that the preference in question has vitiated the whole assignment, as it was a clear appropriation of firm assets to the payment of an individual debt of one of the copartners.
It has been suggested upon the theory that Hurlbut and Healy were not aware of the fact of this preference that an action might be maintained to reform the assignment and *103 correct the schedule. But it is difficult to see how such an action can be maintained unless all the par ties to the assignment were mistaken in regard to its contents, and it is clear that Burger knew that this debt to Mrs. Burger was preferred by the assignment and it is also equally clear that he intended that that debt should be preferred.
If it is claimed that the instrument might be reformed because the insertion of the preference to Mrs. Burger was a fraud upon the other co-partners, a necessary element in order to relieve the defendants Hurlbut and Healy upon this ground is conspicuously absent, namely that they had no knowledge whatever of the fact that the assignment contained this preference to Mrs. Burger.
It is urged that the evidence in regard to the preliminary proceedings leading to this assignment shows that there was no intention to do anything other than to prefer their firm creditors; that there was no agreement that Mrs. Burger’s name should be placed upon the schedule of firm creditors, and that there was no intention to appropriate any part of the assets to her benefit. But the difficulty with this position is the fact that her name appeared in the schedule that she was an individual creditor, and that all the assignors executing the assignment knew the fact that her name appeared. We say knew the fact, because there is no evidence to the contrary, and we must assume, as has been before stated, that each of the parties knew the contents of the instrument which he was executing.
As a necessary result of these facts, the assignment was void as to the creditors of the firm, and the judgment appealed from must be affirmed with costs.
Daniels and Brady, JJ., concur.